# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LILLIE WILLIAMS and CUSETTA JOURNEY, individually and on behalf of all others similarly situated, et al.,** )<br>)<br>)<br>)<br>) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Case No.: 2:17-CV-1101-VEH** |
| ) | |
| **FRED'S STORES OF TENNESSEE, INC.,** )<br>) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER DENYING MOTION TO REMAND

### I.     Procedural Background

This action was originally brought on April 13, 2017, in the Fulton County Superior Court, State of Georgia. (Doc. 1-1). The Plaintiffs seek relief and damages from alleged violations by the Defendant of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. §§ 1681 et seq. (*Id*.). On May 11, 2017, the Defendant removed this action to the United States District Court for the Northern District of Georgia. (Doc. 1). On May 24, 2017, the Plaintiffs moved to have this action remanded to the court from which it was removed. (Doc. 7). The Defendants have responded to that motion. (Doc. 11). The Plaintiffs have replied.

(Doc. 13). Accordingly, the motion is under submission.[1]

**II.    Analysis**

The Plaintiffs seek remand on the basis that the removal, which was based on federal question jurisdiction as set out in 28 U.S.C. § 1331, was improper. (Docs. 7, 11). They vehemently argue that Defendants have not been forthcoming in their court filings, and, indeed, have "grossly misrepresented" such matters as "the history of this case." (*See* Doc. 7 at 2). They also argue that the Defendant failed "to disclose to the Court" that the "Defendant has taken the position [in a similar action] that the federal court does ***not*** have Article III subject-matter jurisdiction." (Doc. 7 at 2) (emphasis in original). However, this argument — that the Defendant's position that the plaintiffs in the other action lack standing is somehow inconsistent with removal of this action to federal court --- conflates Article III jurisdiction with federal question jurisdiction. Accordingly, it is fatally flawed.

28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

---

[1] The undersigned, to whom this case was reassigned on August 28, 2017, admittedly overlooked this motion, which was transferred along with the case from the Northern District of Georgia to this District on June 30, 2017. (*See* docket entry dated June 29, 2017; *see also* Doc. 14).

> As a general matter, defendants may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The propriety of removal thus depends on whether the case originally could have been filed in federal court. *Caterpillar Inc.* [*v. Williams*, 482 U.S. 386 (1987)], at 392, 107 S.Ct., at 2429–2430. The district courts have original jurisdiction under the federal question statute over cases "arising under the Constitution, laws, or treaties of the United States." [28 U.S.C.] § 1331. "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co.* [*v. Taylor,* 481 U.S. 58 (1987)]*,* at 63, 107 S.Ct., at 1546.

*City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163, 118 S. Ct. 523, 529, 139 L. Ed. 2d 525 (1997) (affirming removal).

Because federal courts are courts of limited jurisdiction, "a federal court has an independent obligation to review its authority to hear a case before it proceeds to the merits." *Mirage Resorts, Inc. v. Quiet Nacelle Corp.,* 206 F.3d 1398, 1400-1401 (11th Cir. 2000). The undersigned has reviewed the Complaint. It seeks relief based upon FACTA, which is a federal law. Thus, a "federal question" was presented on the face of the plaintiff's "well-pleaded" complaint, and removal of the case to the federal system was proper. 14B Wright and Miller, Federal Practice and Procedure: Jurisdiction 4th § 3722 (4th ed. 2009 & West Supp.2017). This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## III. Conclusion

The Motion To Remand is hereby **DENIED**.

**DONE** and **ORDERED** this the 11th day of January, 2018.

*/s/ VEHopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge